IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JO ANN HOFFMANN                 PLAINTIFF

      v.          Civil No. 06-5038

KENT D. WALKER, et al.               DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jo Ann Hoffmann brings this pro se action, purportedly under 42 U.S.C. § 1985. The complaint was initially filed without prepayment of fees, subject to a later determination of service. (Docs. 1, 4, 5.)

### I. Background

Hoffman has named several public and private entities and individuals as defendants in this action. These defendants include: Kent D. Walker, USAA Casualty Insurance Company, Evangelina Moreno Vega, Naomi Puente, Shari Larson, Coparts of Tulsa, USAA Medpay Settlement Administrator, Rust Consulting, Inc., Judge Nicholas G. Byron, Larenzy Erwin doing business as Meeks Towing and Recovery, Lori (unknown last name), Bella Vista Sheriff's Office, Chief Wozniack, Lt. Kenny Farmer, Sgt. Danny Varner, Lt. John Scott, Lt. Mark Kugler, Deputy Mike Kugler, Deputy Ryan Harmon, Deputy Barb Schrum, Property Owner's Association, Chairman Tommy Bailey, Honorable Doug Schrantz, Honorable Le Gayle McCarty, Chuck Muschette, Prosecutor Bob Balfe, Prosecutor Robin Green, Attorney General Mike Beebe, Department of Finance, Ruth Philpott, Susan O. Sims, Commissioner Mike Pickens, Advocate Ron Sheffield, Legal Staff Linda Reves, Jackie Smith, Security Manage Roaf, Investigator Larry W. Cagle, and Pulaski County Deputy Clerk Theresa (unknown last name). (Doc. 1.)

Hoffmann's complaint appears to arise out of a February 20, 2003 automobile accident. Hoffmann alleges that Kent D. Walker failed to yield to Hoffmann as she was "already in her left turn" in front of Walker. (Doc. 1 at ¶ 16.) After the accident, Hoffmann's vehicle was removed and stored by Meeks Towing. Later, Hoffmann was "forced to authorize relocation [of her vehicle] by USAA to Conway, Arkansas," when she was "threatened to settle or pay the storage" for the vehicle. (Doc. 1 at ¶ 21.) Meeks Towing released the vehicle to Coparts of Tulsa, upon receipt of $1,100, according to Lori (unknown last name), who appears to be an employee of Meeks Towing. (Doc. 1 at ¶ 22.) Hoffmann contends that by this removal to Coparts of Tulsa, USAA, who owns Coparts of Tulsa, "engaged in stipulated theft of property" as the car was taken "without payment, without title, and removed from the state." (Doc. 1 at ¶ 23.)

On June 3, 2003, plaintiff alleges that Coparts of Tulsa "arrived to dump the wreck on the street at" the plaintiff's home. As plaintiff believed a "felonious action had just occurred," she called 911 four times before Deputy Barb Schrum arrived. Deputy Shrum "took no action." Hoffmann then filed "an internal management complaint" with Sgt. John Scott. The Architectural Control Committee (ACC) through Chuck Muchette "threatened action if the vehicle dumped by Coparts was not removed. Hoffmann called for a criminal arrest, and Jim Wozniack took no action." Hoffmann then placed "an injunction on the vehicle," and Judge John Cole was scheduled to hear the case on August 7, 2003, but then took no action "on that vehicle due to lack of jurisdiction." Sgt. Farmer "picked the car up" on December 13, 2003 and "returned with a receipt." (Doc. 1 at ¶¶ 27D-29.)

AO72A
(Rev. 8/82)

## II. Discussion

Hoffmann's complaint, brought under 42 U.S.C. § 1985, is subject to dismissal. In 1983, the Supreme Court explained that section 1985 prescribes five types of conspiracies that interfere with (1) the performance of federal officers' official duties, (2) the administration of justice in federal courts, (3) the administration of justice in state courts, (4) the private employment of "equal protection of the laws" and "equal privileges and immunities under the laws", and (5) the right to support candidates in federal elections. *See Kush v. Rutledge*, 460 U.S. 719, 724, 103 S. Ct. 1483, 75 L. Ed. 2d 413 (1983).

Nothing in Hoffmann's complaint would suggest that any of the named defendants conspired to interfere with federal officers's official duties, a federal judicial proceeding, or federal elections. Therefore, section 1985(1), the first portion of section 1985(2), and the section part of section 1985(3) are inapplicable to this action.

The remaining two categories of section 1985 require that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws. "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of the rights secured by the law to all." *See Kush*, 460 U.S. at 726 (citations omitted). A through review of the plaintiff's complaint reveals no allegations of class-based discrimination that is the moving force behind the defendants' alleged conspiratorial actions. Thus, the plaintiff has failed to state any claim under section 1985, and her complaint should be dismissed as frivolous.

AO72A
(Rev. 8/82)

Further, even liberally construing her complaint, as we are required to do, *see Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (court has obligation to construe a pro se complaint liberally), the plaintiff has failed to state any claim against the public official defendants.

First, her allegations of a conspiracy are conclusory and thus insufficient to state a claim. *See Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988) (conspiracy allegations must be pleaded with sufficient specificity and factual support to suggest meeting of minds).

Second, plaintiff may not bring a claim against police officers for failing to arrest others or the prosecutors for failing to bring charges against others. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 & n. 6, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973) (private citizen lacks judicially congnizable interest in prosecution of another); *Johnson v. City of Evanston*, 250 F.3d 560, 563 (7th Cir. 2001) (plaintiff lacked standing to complain about state actors refusal to prosecute another; failure to protect plaintiff from other citizen raises issue under state law rather than federal law because Constitution does not require state to protect citizens from each other (*citing DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989)).

Third, judges are immune from suit for claims brought against them for actions that they took in their official capacities as judges. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) (judges performing judicial functions enjoy absolute immunity from § 1983 liability).

AO72A
(Rev. 8/82)

Fourth, the actions described in the complaint pertaining to the prosecutors, Bob Balfe and Robin Green, are those actions taken in their role as prosecutors. Prosecutors are protected by absolute immunity from civil liability under § 1983 for prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268-71, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993); *Brodnicki v. City of Omaha,* 75 F.3d 1261, 1266 (8th Cir.1996).

This same rule extends to claims brought under § 1981, § 1985 and § 1986. *See e.g., Snelling v. Westoff*, 972 F.2d 199 (8th Cir. 1992)(applying absolute immunity to conspiracy claims brought against prosecutor under § 1985 and § 1986); *Hancock v. Washtenaw County Prosecutor's Office,* 548 F. Supp. 1255 (D. Mich. 1982)(applying absolute immunity to case brought against a prosecutor under § 1981). Additionally, the Arkansas Supreme Court has adopted this same rule in determining whether absolute immunity applies to state prosecutors when *state law* causes of action are asserted. *Newton v. Etoch*, 332 Ark. 325, 335-39 (1998)(applying *Buckley* standard where claims of false imprisonment, malicious prosecution, abuse of process, outrage and slander were asserted against a deputy prosecuting attorney).

Fifth, to the extent Hoffman is attempting to assert claims under 42 U.S.C. § 1983, the claims fail. Several of the named defendants are private citizens who were merely involved in some manner with the handling of Hoffmann's property. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Section 1983 secures most constitutional rights from infringement by governments, not private

AO72A
(Rev. 8/82)

parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A private individual does not act under color of law. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999).

Finally, many of the factual allegations contained in the complaint are irrational, incomprehensible, and clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325-328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)(clearly baseless allegations are those that are fantastic, fanciful, or delusional.).

### III. Conclusion

I therefore recommend Hoffmann's claims be dismissed on the grounds that they are frivolous and fail to state claims. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Hoffmann has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. Hoffmann is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of May 2006.

                                            **/s/ Beverly Stites Jones**
                                            _____
                                            HON. BEVERLY STITES JONES
                                            UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)